UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| INVESTORS LIFE INSURANCE COMPANY OF NORTH AMERICA, | : : : | |
| Interpleader Plaintiff, | : : | |
| v. | : : | CIV. ACT. NO. 1:21-cv-266-TFM-MU |
| JENNIFER POLVERE, PAULA POLVERE, and ESTATE OF SALVATORE POLVERE, | : : : : | |
| Interpleader Defendants. | : | |

# **ORDER**

Pending before the Court is the *Motion to Appoint Administrator ad Litem for the Estate of Salvatore Polvere*. Doc. 3, filed June 2, 2021. Plaintiff Investors Life Insurance Company of North America ("Plaintiff" or "ILINA") moves the Court appoint an administrator *ad litem* for the Estate of Salvatore Polvere (the "Estate") to represent and defend the interests of the Estate for the limited purpose of this statutory interpleader action. *Id.* The Defendants in this action have not opposed Plaintiff's motion. *See* Doc. 13, filed August 31, 2021. In support of the motion, Plaintiff states Salvatore Polvere (the "Insured") died on October 12, 2020, an estate was not created for him, and his Estate is a potential beneficiary of his ILNIA life insurance policy. Doc. 3 at ¶¶ 5 - 8; Doc. 1-3 at 5. Specifically, on December 23, 1986, ILINA issued the Insured a policy insuring his life in the amount of $50,000 (the "Policy"). *See* Doc. 1-1. On September 29, 1990, the Insured submitted a Change of Beneficiary form to ILINA designating his then-wife, Paula Polvere, as the Policy's beneficiary and no additional beneficiary changes were made to the Policy prior to the Insured's death. Doc. 1-2. On January 23, 1991, a Final Judgment of Divorce legally terminated the marriage between the Insured and Paula Polvere. Doc. 1-3. On November 11, 1994, the

Insured married Defendant Jennifer Crisp Polvere ("Defendant" or "Jennifer Polvere").  Doc. 1-3 at 11.  Following the Insured's death, Jennifer Polvere submitted a claim to ILINA for the policy's death benefit, citing Alabama's revocation-upon-divorce statute, ALA. CODE § 30-4-17(b).  Doc. 1-4.  Plaintiff contends that "if Alabama's revocation-upon-divorce statute operates to revoke the designation of Paula Polvere as Policy beneficiary, the Estate of Salvatore Polvere is the proper beneficiary."  Doc. 3 at ¶ 7.  The basis for Plaintiff's argument is the Policy, which indicates if the Policy beneficiary predeceases the Insured and the Owner is the Insured, then the Estate of the Insured becomes the Policy beneficiary.  Doc. 1-1 at 10.  Accordingly, Plaintiffs argue the Estate of the Insured is an interested party in the outcome of this declaratory judgment action and therefore require representation in the Interpleader concerning the policy.  The issue is that the Estate has not been opened and there is currently no executor or administrator of the Estate.  Doc. 3 at ¶ 8.

First, the Court notes Plaintiff has not cited authority for this federal court to appoint an administrator *ad litem* pursuant to ALA. CODE § 43-2-250.  *See Powell v. HM Trucking, LLC*, Civ. Act. No. 1:18-cv-958-ECM, 2020 U.S. Dist. LEXIS 24279, at *3, 2020 WL 710615, at *1 (M.D. Ala. Feb. 12, 2020) (denying the plaintiff's request to appoint an administrator *ad litem* and stating the plaintiff did not present legal authority as to why ALA. CODE § 43-2-250 would apply in federal court); *Taul ex rel. United States v. Nagel Enters., Inc.*, Civ. Act. No. 2:14-CV-0061-VEH, 2019 U.S. Dist. LEXIS 26669, at *4, 2019 WL 718714, at *2 (N.D. Ala. Feb. 20, 2019) (denying and stating same).

Even if the Court is able to appoint an administrator *ad litem*, Plaintiff has not satisfied the requirements of ALA. CODE § 43-2-250, which reads:

> When, in any proceeding in any court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is

> interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case or shall be made known to the court by the affidavit of any person interested therein.

ALA. CODE § 43-2-250.

The Supreme Court of Alabama has noted the limited application of the statute:

> [T]he strict interpretation of § 43-2-250 admits of two, and only two, circumstances where it is appropriate for a court to appoint an administrator ad litem. The first is when the estate of a deceased person must be represented and there is no executor or administrator of such estate; the second is when the estate of a deceased person must be represented and the executor or administrator is interested adversely to the estate.

*Golden Gate Nat'l Senior Care, LLC v. Roser*, 94 So. 3d 365, 370 (Ala. 2012) (emphasis omitted); *see also Taul*, 2019 U.S. Dist. LEXIS 26669, at *4, 2019 WL 718714, at *2 (quoting same). Section 43-2-250 presupposes an estate was created. *Powell*, 2020 U.S. Dist. LEXIS 24279, at *4, 2020 WL 710615, at *2. In *Great Am. Ins. Co. v. Am. Owens, Inc.*, the court found that Plaintiff incorrectly cited ALA. CODE § 43-2-250 as authority for its Motion to Appoint Administrator Ad Litem. *Great Am. Ins. Co. v. Am. Owens, Inc.*, 425 F. Supp. 2d 1278, 1279 (M.D. Ala. 2006). Pursuant to ALA. CODE § 43-2-250, the Administrator Ad Litem is not responsible for opening an estate. The court reasoned that Plaintiff "confused the role of Administrator Ad Litem under § 43-2-250 with that of a general Administrator appointed by a state Probate Court under ALA. CODE § 43-2-42." *Great Am. Ins. Co.*, 425 F. Supp. 2d at 1280.

In this case, as Plaintiff states in its motion, an estate has not been created for the Insured. Doc. 3 at ¶ 8. The Court declines to appoint an administrator ad litem to represent a non-existent estate, because no estate exists for the Insured. Therefore, the Motion to Appoint Administrator Ad Litem for the Estate of Salvatore Polvere (Doc. 3) is **DENIED without prejudice with leave**

**to refile on addressing the above.**[1]

      **DONE** and **ORDERED** this 21st day of October 2021.

                              /s/ Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES DISTRICT JUDGE

---

[1] "The court strongly recommends that the plaintiff pursue appointment of an administrator *ad litem* with the appropriate Probate Court, or obtain a copy of the decedent's death certificate and proceed with the creation of a probate estate, in the appropriate Probate Court." *Smith v. Schneider Nat'l Carriers, Inc.*, Civ. Act. No. CV-09-J-658-S, 2009 U.S. Dist. LEXIS 141147, at *5, 2009 WL 10703357, at *2 (N.D. Ala. July 15, 2009).