# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ESTATE OF SALVATORE POLVERE and JENNIFER POLVERE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIV. ACT. NO. 1:21-cv-266-TFM-MU |
| PAULA POLVERE, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Pending before the court is a *Joint Motion to Disburse Funds* (Doc. 46, filed 1/30/23) and a *Joint Confirmation of Settlement* (Doc. 45, filed 1/30/23). Upon consideration of the motion and confirmation of settlement, the Court finds the motion is due to be **GRANTED**. The motion, in tandem with the joint confirmation of settlement, is also construed as a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2).

Pursuant to 28 U.S.C. § 1914(b) and FRDOC 91-26415 reported at 56 Fed. Reg. 56356 (November 4, 1991), and directions received from the Administrative Office of the U.S. Courts on February 7, 1992, the Clerk of the Court shall pay into the U.S. Treasury an amount equal to ten percent (10%) of the earned interest as a fee for handling said interpleader funds. The Clerk is **DIRECTED** to receipt said ten percent (10%) fee into the 510100 fund for the U.S. Treasury.

It is further **ORDERED** that the Clerk of the Court issue a check drawn on the designated bank where the interpleader funds are held, for the principal amount of $50,000.00, plus all earned interest, to date. After excluding the required ten percent (10%) of all earned interest, the designated bank shall provide the Clerk of the Court with two official checks payable as follows:

    1.      to Paula White: forty percent (40%) of the balance and forty percent (40%) of the remaining earned interest;

    2.      to Jennifer Polvere: sixty percent (60%) of the balance and sixty percent (60%) of the remaining earned interest.

It is further **ORDERED** that the Clerk of the Court shall mail each recipient's check to her proper mailing address. The parties' proper mailing addresses are as follows:

Jennifer Polvere  
c/o The Law Offices of Brenton C. McWilliams  
P.O. Box 1066  
Orange Beach, AL 36561

Paula White  
310 Tuggle Court  
Woodstock, GA 30188

Further, upon consideration of the parties' motion to dismiss[1] (Doc. 45, 46), which comports with Rule 41(a)(2) of the Federal Rules of Civil Procedure, this action is **DISMISSED** with prejudice,[2] on the terms agreed to and set out by the parties.

Additionally, the Parties are **ORDERED** to not contact the Magistrate Judge any further, as his role as mediator has concluded. To the extent the parties need to communicate with the Court, they must file a motion or pleading and send a copy to all parties.

The Clerk of the Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** this the 13th day of February, 2023.

                                            /s/Terry F. Moorer  
                                            TERRY F. MOORER  
                                            UNITED STATES DISTRICT JUDGE

---

[1] As noted above, the Court interprets the motion to disburse funds (Doc. 46) and the notice of settlement (Doc. 45) together as a motion to dismiss under Fed. R. Civ. P. 41(a)(2).

[2] The parties do not indicate whether this action should be dismissed with or without prejudice. However, given that the parties reached a settlement agreement regarding the division of the funds following mediation with the Magistrate Judge, it appears that the parties' intention is that the settlement agreement is the final resolution of the matter. If it was not the parties' intention to dismiss with prejudice, they should file briefs indicating as such within 30 calendar days of this order.